# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>AL RAHUM ENTERPRISES, LLC<br><br>Debtor | Case No. 19-40763<br>Chapter 7 |

## TRUSTEE'S OBJECTION TO THE CLAIM OF
## GORDON FOOD SERVICE INC., CLAIM NO. 11

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** ACCORDINGLY, YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU DO NOT WISH FOR THE COURT TO ELIMINATE OR CHANGE YOUR CLAIM, YOU MUST FILE A WRITTEN RESPONSE OPPOSING THE CLAIM OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR THAT RESPONSE.

NO HEARING WILL BE CONDUCTED ON THIS CLAIM OBJECTION UNLESS A WRITTEN RESPONSE IN OPPOSITION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING **WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE** LISTED IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IN OPPOSITION IS TIMELY SERVED AND FILED, THIS CLAIM OBJECTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER SUSTAINING THE OBJECTION TO YOUR CLAIM. IF A RESPONSE IN OPPOSITION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR RESPONSE IN OPPOSITION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

COMES NOW, Mark A. Weisbart, the Chapter 7 Trustee of the bankruptcy estate of Al Rahum Enterprises, LLC (the "Trustee") and files this Objection to the Claim of Gordon Food Service Inc., Claim No. 11 and in support hereof, would show the court as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this objection under 28 U.S.C. §§ 157 and 1333. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this objection is authorized under Section 502 of Title 11 of the United States Code (the "Bankruptcy Code").

**PROCEDURAL AND FACTUAL BACKGROUND**

2. On March 22, 2019 (the "Petition Date"), Al Rahum Enterprises, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the Bankruptcy Code in this Court commencing the above-referenced bankruptcy case.

3. Thereafter, the Trustee was appointed the interim Chapter 7 trustee for the Debtor's bankruptcy estate, and has since remained in his capacity as the Chapter 7 trustee in accordance with 11 U.S.C. § 702.

4. On July 19, 2019, Gordon Food Service Inc. ("Claimant"), filed a proof of claim asserting an administrative priority claim in the amount of $8,817.21 and an unsecured claim in the amount of $180.00 which claim was denoted on the Claims Register as Claim No. 11 (the "Claim"). A true and correct copy of the Claim is attached hereto as Exhibit "A".

**OBJECTION**

5. Trustee objects to the Claim to the extent it is asserted as an administrative priority claim. No legitimate basis has been provided for priority status. Claimant references 11 U.S.C. § 507(a)(2) as a basis for priority treatment but that Section relates to 11 U.S.C. § 503(b) administrative claims.

6. Trustee objects to the Claim to the extent it is asserted as a 11 U.S.C. § 503(b) administrative claim. No application for an administrative claim has been filed in accordance with applicable law. The Claim does not contain sufficient information or documentation supporting a 11 U.S.C. § 503(b)(9) claim.

7. Trustee has no objection to allowance of the Claim solely as a non-priority general unsecured claim in the amount of $8,997.21 for purposes of the administration of this case by the Trustee, including the distribution of funds to Claimant following approval of the Trustee's Final

Report.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Trustee prays that the Court enter an order allowing the Claim as a non-priority general unsecured claim in the amount of $8,997.21 and granting him such other and further relief to which he is justly entitled.

Respectfully Submitted,

/s/ Mark A Weisbart
Mark A Weisbart
Texas Bar No. 21102650
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, Texas 75231-2203
(972) 755-7103 Phone
MWeisbart@haywardfirm.com

COUNSEL FOR CHAPTER 7 TRUSTEE

### TRUSTEE'S DECLARATION UNDER LOCAL BANKRUPTCY RULE 3007(a)(2)

I, Mark A. Weisbart, the Chapter 7 Trustee, hereby declare under penalty of perjury that I have read the foregoing Objection to the Proof of Claim and that the factual allegations made in such Objection are true and correct to the best of my knowledge, information and belief.

Date: March 16, 2022         /s/ Mark A Weisbart
Mark A Weisbart

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the below party as well as the parties listed on the attached mailing list in accordance with LBR 9013(f) either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on this the 16th day of March 2022.

| | |
|---|---|
| Gordon Food Service Inc<br>c/o Jason M. Torf<br>200 W Madison Street, Suite 3500<br>Chicago, IL 60606 | Gordon Food Service Inc<br>PO Box 2244<br>Grand Rapids, MI 49501 |

/s/ Mark A Weisbart
Mark A Weisbart

**Fill in this information to identify the case:**

Debtor 1: Al Rahum Enterprises, LLC

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of Texas

Case number: 19-40763

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Gordon Food Service Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Gordon Food Service Inc. c/o Jason M. Torf
Name

200 W. Madison Street, Suite 3500
Number    Street

Chicago        IL        60606
City           State      ZIP Code

Contact phone 312-726-6244

Contact email jason.torf@icemiller.com

Where should payments to the creditor be sent? (if different)

Gordon Food Service, Inc.
Name

PO Box 2244
Number    Street

Grand Rapids    MI    49501
City            State  ZIP Code

Contact phone 877-754-3903

Contact email julie.lamar@gfs.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ - ___ ___ ___ ___ - ___ ___ ___ ___ - ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                                    Proof of Claim                                    page 1

Exhibit "A"

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☐ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim?   $_____8,997.21_____. Does this amount include interest or other charges?
   ☐ No
   ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   
   Goods sold

9. Is all or part of the claim secured?
   ☒ No
   ☐ Yes. The claim is secured by a lien on property.
   
   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____
   
   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)
   
   **Value of property:** $_____
   **Amount of the claim that is secured:** $_____
   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)
   
   **Amount necessary to cure any default as of the date of the petition:** $_____
   
   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☒ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. Is this claim subject to a right of setoff?
    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410   **Proof of Claim**   page 2

Exhibit "A"

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | $ 8,817.21 |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/19/2019
                 MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

Name: Julie       A         LaMar
      First name  Middle name  Last name

Title: Senior Analyst, ARS

Company: Gordon Food Service, Inc.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1300 Gezon Pkwy SW
         Number    Street
         Wyoming                          MI    49509
         City                             State ZIP Code

Contact phone: 877-754-3903     Email: julie.lamar@gfs.com

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| AL RAHUM ENTERPRISES, LLC, | Case No. 19-40763 |
| Debtor. | |

## MEMORANDUM IN SUPPORT OF PROOF OF CLAIM

Gordon Food Service Inc. ("GFS") hereby submits its proof of claim in the amount of $8,997.21 (the "Proof of Claim"). The Proof of Claim covers amounts due and owing by Debtor Al Rahum Enterprises, LLC (the "Debtor") for goods supplied by GFS to various Debtor-owned restaurant locations.

As of the petition date, the Debtor owed GFS approximately $8,997.21 for said goods, which includes $180.00 in fees.[1] A summary of the invoices for the goods received by Debtor is attached hereto as Exhibit A.[2]

Approximately $8,817.21 of the Proof of Claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). A separate application to allow the 503(b)(9) portion of the Proof of Claim as an administrative priority claim will be filed contemporaneously with this proof of claim. For clarity, GFS does not seek double recovery for any amounts due and owing – it simply states that GFS has a total prepetition claim of $8,997.21, of which $8,817.21 is entitled to be paid with administrative priority.

This Proof of Claim is made without prejudice to, and GFS reserves, all other rights, claims, demands, and remedies available to GFS, at law or in equity, including but not limited to, GFS retaining title to some or all of the goods. In addition, GFS reserves the right to seek

---

[1] Debtor had attempted to pay for these goods, but Debtor's payments bounced due to insufficient funds. As a result, Debtor is responsible for payment of insufficient funds fees totaling $180.00.
[2] The actual invoices are too voluminous to attach, but will be provided to the Debtor or the Court upon request.

Exhibit "A"

payment of further amounts and/or amend its Proof of Claim if it later discovers additional amounts that are due and owing or are entitled to priority.

Exhibit "A"

EXHIBIT A: INVOICE SUMMARY

| AL RAHUM ENTERPRISES, LLC | Bankruptcy Case #19-40763 | Filed on 3/22/2019 | | | | |
|---|---|---|---|---|---|---|
| **Grandy's #501 - 100129076** | | | | | | |
| **Grandy's #503 - 100127695** | | | | **TOTAL CLAIM** | | **503(b)(9)** |
| **Grandy's #730 - 100127696** | | | | **$8,997.21** | | **$8,817.21** |

| CUSTOMER | TRANSACTION # | TRANSACTION DATE | TRANSACTION TYPE | AMOUNT | DUE DATE | NOTES | FEES |
|---|---|---|---|---|---|---|---|
| 100129076 | 192852273 | 3/16/2019 | Invoice | $78.75 | 3/23/2019 | NSF PAYMENT 32519 | |
| 100129076 | | | | | | NSF FEE | $30.00 |
| 100129076 | 192890718 | 3/19/2019 | Invoice | $331.64 | 3/26/2019 | NSF PAYMENT 32619 | |
| 100129076 | | | | | | NSF FEE | $30.00 |
| 100129076 | 192920512 | 3/20/2019 | Invoice | $50.52 | 3/27/2019 | NSF PAYMENT 32719 | |
| 100129076 | 192938251 | 3/20/2019 | Invoice | $2,672.68 | 3/27/2019 | NSF PAYMENT 32719 | |
| 100129076 | 12776115 | 4/18/2019 | Credit Memo | ($13.44) | 4/18/2019 | NSF PAYMENT 32719 | |
| 100129076 | | | | | | NSF FEE | $30.00 |
| 100127695 | 192854561 | 3/16/2019 | Invoice | $2,627.41 | 3/23/2019 | NSF PAYMENT 32319 | |
| 100127695 | | | | | | NSF FEE | $30.00 |
| 100127695 | 192934443 | 3/20/2019 | Invoice | $2,309.05 | 3/27/2019 | NSF PAYMENT 32719 | |
| 100127695 | 12776106 | 4/18/2019 | Credit Memo | ($14.04) | 4/18/2019 | NSF PAYMENT 32719 | |
| 100127695 | | | | | | NSF FEE | $30.00 |
| 100127696 | 192524578 | 3/2/2019 | Invoice | $40.78 | 3/9/2019 | NSF PAYMENT 30919 | |
| 100127696 | 192524582 | 3/2/2019 | Invoice | $733.86 | 3/9/2019 | NSF PAYMENT 30919 | |
| 100127696 | | | | | | NSF FEE | $30.00 |
| | | | | **$8,817.21** | | | **$180.00** |

Exhibit "A"

```
Label Matrix for local noticing        Al Rahum Enterprises, LLC              Ryan C. Gentry
0540-4                                  2002 Candlewyck Crossing               Nowak & Stauch, LLP
Case 19-40763                           Allen, TX 75013-5604                   10000 N. Central Expy., Ste. 1040
Eastern District of Texas                                                      Dallas, TX 75231-2322
Sherman
Wed Mar 16 11:16:20 CDT 2022

Eric A Liepins                          Shelley A. Marmon                      Linda Reece
Eric A. Liepins, P.C.                   2727 Allen Parkway, Ste. 1700          Perdue Brandon Fielder Collins & Mott LL
12770 Coit Road                         Houston, TX 77019-2125                 1919 S. Shiloh Road
Suite 850                                                                      Suite 640, LB 40
Dallas, TX 75251-1364                                                          Garland, TX 75042-8234


Thomas Richard Stauch                   US Trustee                             John M. Vardeman
Nowak & Stauch, LLP                     Office of the U.S. Trustee             UST Office
10000 North Central Expressway          110 N. College Ave.                    110 N. College St., Suite 300
Suite 1040                              Suite 300                              Tyler, TX 75702-7231
Dallas, TX 75231-2322                   Tyler, TX 75702-7231


(p)MARK A  WEISBART
ATTN THE LAW OFFICE OF MARK A WEISBART
10501 N CENTRAL EXPY SUITE 106
DALLAS TX 75231-2203
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Mark A. Weisbart                        (d)Mark A. Weisbart                    End of Label Matrix
Chapter 7 Bankruptcy Trustee            Hayward PLLC                           Mailable recipients    9
10501 N Central Expy Suite 106          10501 N Central Expy Suite 106         Bypassed recipients    0
Dallas, TX 75231-2203                   Dallas, TX 75231-2203                  Total                  9
```